United States District Court
District of New Jersey

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Cathy L. Waldor |
| v. | : | Magistrate No. 12-7113 (CLW) |
| MOSHE BUTLER | : | **CRIMINAL COMPLAINT** |

I, Richard V. Sluszka, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between in or about July 2011 and in or about August 2011, in Bergen County, in the District of New Jersey and elsewhere, defendant Moshe Butler did:

knowingly execute and attempt to execute a scheme and artifice with intent to defraud a financial institution, namely Morgan Stanley Smith Barney LLC, and to obtain money, funds, securities and assets owned by and under the custody and control of Morgan Stanley Smith Barney LLC, by means of materially false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Section 1344 and Section 2.

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

SEE ATTACHMENT A

_____
Richard V. Sluszka
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
on March 6, 2012 at Newark, New Jersey

_____
HONORABLE CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

I, Richard V. Sluszka, am a Special Agent with the Federal Bureau of Investigation. I have knowledge about the facts set forth below from my involvement in the investigation, review of reports and documents, and discussions with other law enforcement officials. This complaint is submitted for a limited purpose, and I have not set forth each and every fact that I know concerning this investigation. All statements described herein are relayed in substance and in part.

1. At all times relevant to this complaint, defendant MOSHE BUTLER was a resident of Teaneck, New Jersey who was on pretrial release in connection with a criminal complaint filed against him in the United States District Court for the District of New Jersey, United States v. Butler, Mag. No. 09-7114 (ES). That criminal complaint charged defendant BUTLER with defrauding multiple hotel and motel development companies out of more than $1.7 million by obtaining payment for but failing to deliver large numbers of flat panel televisions.

2. On or about July 11, 2011, defendant BUTLER opened an investment account with Morgan Stanley Smith Barney LLC ("MSSB") in New York. Defendant Butler was the sole signatory on this account. The type of account that defendant BUTLER opened allowed him to have immediate access to funds deposited by check.

3. On or about August 12, 2011, defendant BUTLER funded his MSSB account by depositing a $50,000 check into the account. Defendant BUTLER quickly used the entire $50,000 to cover the purchases of various securities and commodities option contracts he bought in the account. Defendant BUTLER's purchases were largely unsuccessful and within five days, defendant BUTLER had lost his entire $50,000 investment as well as an additional approximately $18,921.

4. On or about August 19, 2011, defendant BUTLER deposited a $100,000 check into his MSSB account, purportedly in part to cover the negative balance in the account. The $100,000 check defendant BUTLER deposited was drawn against a Bank of America bank account that defendant BUTLER solely controlled. However, that account had been closed by Bank of America on or about June 13, 2011 in part because defendant BUTLER had written at least 12 checks totaling approximately $39,403 the prior month that were returned for insufficient funds.

5. Despite having deposited a check into his MSSB account that he knew was written on an account that had been closed and did not have sufficient funds to cover the check, defendant BUTLER quickly took advantage of the fact that MSSB made the funds immediately available to him even before the check had cleared. Specifically, the same day that he deposited the $100,000 check, defendant BUTLER withdrew $7,000 in cash from his MSSB account. Additionally, starting that same day and continuing for the next

6. three business days, defendant BUTLER purchased numerous securities and commodities option contracts in his account. Those purchases were also unsuccessful and quickly resulted in additional losses of approximately $11,496. The $100,000 check was ultimately returned by Bank of America for insufficient funds.

6. By August 24, 2011, as a result of his trading losses and his $7,000 cash withdrawal, defendant BUTLER's MSSB account had a negative balance of approximately $37,417.

7. On or about October 17, 2011, defendant BUTLER deposited a $30,000 check into his MSSB account that was also returned for insufficient funds. This check was written on an account that defendant BUTLER solely controlled at JPMorgan Chase. During just the month of October 2011, defendant BUTLER wrote 13 checks totaling approximately $165,400 in his JP Morgan Chase account that were returned for insufficient funds.

8. As a result of defendant BUTLER's fraudulent scheme, MSSB has been defrauded out of at least $37,417.

9. At all times relevant to this Complaint, MSSB was a "financial institution" as defined in Title 18, United States Code, Section 20.