## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOSHE BUTLER,<br><br>*Defendant*. | Docket Nos.  18-cr-605 (KM)<br>11-cr-854 (KM)<br>12-cr-278 (KM)<br><br>**MEMORANDUM & ORDER** |

      **THIS MATTER** comes before the Court on the letter request, which I have treated as a motion, of defendant Moshe Butler, by his counsel Gibbons P.C. (Lawrence S. Lustberg, Esq., and Anne M. Collart, Esq., appearing), that the Court recommend that he serve the remainder of his sentence at a Residential Reentry Center or halfway house. (DE 46). The United States, by Craig Carpenito, United States Attorney for the District of New Jersey (Courtney A. Howard, Assistant U.S. Attorney, appearing) opposes the motion. All parties agree, and I concur, that the matter is one entirely within the discretion of the BOP, which must apply its own rules and standards. The Court is without power to order such relief.

      The background is that the Court has twice denied Mr. Butler's motions for compassionate release under 18 U.S.C. § 1382 (c)(1)(A). In doing so, I noted his medical conditions, including low kidney function. I relied substantially, however, on the § 3553(a) factors, noting that he was a three-time recidivist who had abused conditions of release in the past, and that he had served relatively little of a lenient sentence.

      I recognize, however, that different considerations may influence the BOP's decision as to whether and when to transfer an inmate to halfway house custody, once he is eligible. Having been denied compassionate release, Mr. Butler has contracted COVID-19, although apparently

without serious symptoms. He points to new evidence regarding his medical condition, and states, among other things, that he needs better access to medical care to ensure that his health is not permanently damaged. That is a claim which should be examined by the BOP.

**IT IS THEREFORE,** this 13th day of January, 2021,

**STATED BY THE COURT** that compassionate release under the First Step Act remains inappropriate; but it is further

**STATED BY THE COURT** that the Bureau of Prisons remains free, in an exercise of its discretion, pursuant to its own procedures and regulations, for medical or other reasons, to designate defendant Butler to spend the remainder of his term at a Residential Reentry Center or halfway house on a pre-release basis in accordance with 18 U.S.C. §§ 3621 and 3624; and it is further

**STATED BY THE COURT** that the Court would not oppose such relief.

/s/ Kevin McNulty

Honorable Kevin McNulty
United States District Judge